UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RESUMEBEAR HOLDINGS CORP.,** | Civil Action No. 14-4482 (PGS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **ERIC HUARD,** | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court *sua sponte* pursuant to the Order to Show Cause ("OTSC") entered on December 14, 2015, which required Plaintiff to show cause why its claims should not be dismissed with prejudice in light of its failure to abide by this Court's orders and obtain counsel and prosecute this matter. (OTSC of 12/14/2015; Docket Entry No. 29). For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2014, Plaintiff instituted this litigation, which involved a dispute over the domain name "resumebear.com." During the Initial Conference held on December 8, 2014, the parties indicated that they were interested in attempting to amicably resolve their dispute. As a result, instead of setting a full discovery schedule, the Court stayed formal discovery and directed the parties to exchange information necessary to facilitate settlement. The Court noted that a formal discovery schedule would be entered if the matter did not resolve. (*See* Letter Order of 12/9/2014; Docket Entry No. 17).

On February 11, 2015, the Court conducted a status telephone conference with the parties. During that conference, the parties indicated that they were still actively engaging in

settlement discussions, though they believed some discovery would aid their efforts. As a result, the parties agreed to exchange document discovery. The Court directed the parties to provide it with a status update by March 11, 2015. (*See* Minute Entry of 2/11/2015). The parties complied and based on their correspondence, the Court scheduled a status conference for April 20, 2015. (*See* Text Order of 3/19/2015). During the status conference it became clear that while the parties were earnestly attempting to settle this case, their efforts had stalled. As a result, the Court set a formal discovery schedule. (*See* Scheduling Order of 4/21/2015; Docket Entry No. 19). Included in the schedule was another status conference set for July 15, 2015. (*Id.*)

During the July 15, 2015 telephone conference, Plaintiff's counsel ("Counsel") indicated that they would be seeking permission to withdraw from this litigation. In light of the foregoing, the Court set a procedure by which Counsel was directed to make their request to withdraw. Counsel was to submit a letter application to the Court by July 31, 2015 requesting that they be relieved. (*See* Letter Order of 7/15/2015; Docket Entry No. 22). In their application Counsel was to include their client's address so that the Court could provide Plaintiff with the opportunity to oppose Counsel's request and/or retain new counsel. Counsel complied and on August 4, 2015, the Court entered a Letter Order, sent directly to Plaintiff, directing that "[n]o later than **September 2, 2015**, ResumeBear itself must inform the Court in writing whether it objects to counsel's request that they be relieved and whether it will be retaining new counsel." (Letter Order of 8/4/2015; Docket Entry No 24). Plaintiff was further cautioned that "if it intends to proceed with this case, it must retain counsel as a corporation is not permitted to proceed *pro se*" and that if it failed to comply with the terms of the Court's order, "its inaction will likely result in the dismissal of its Complaint, possibly with prejudice." (*Id.*)

As outlined in the OTSC entered on December 14, 2015:

> ResumeBear did not object to counsel's request to withdraw. Instead, it requested additional time to retain new counsel. (*See* Letter from Peter Russo to Hon. Tonianne J. Bongiovanni of 8/31/2015 at 1). The Court granted ResumeBear's request. (*See* Letter Order of 9/3/2015 at 1; Docket Entry No. 25). After the time for ResumeBear to retain new counsel expired, the Court explicitly granted its former counsel's request to withdraw. The Court also *sua sponte* extended ResumeBear's time to retain new counsel to November 6, 2015. Finally, the Court specifically cautioned ResumeBear that "[i]f new counsel does not enter an appearance by that date, Defendants may move to seek any relief they deem appropriate[,]" and "again reminded [ResumeBear] of the fact that it cannot proceed *pro se* in this matter, but must be represented by counsel." (Letter Order of 10/6/2015 at 1-2; Docket Entry No. 26).
> Despite being given an extended opportunity to retain counsel and despite the Court's repeated warnings that it could not proceed *pro se* and that its claims could be dismissed if it failed to comply with the Court's Orders, ResumeBear has not retained new counsel.

(OTSC of 12/14/2015 at 1-2).

As a result, the Court entered the OTSC of 12/14/2015. According to same, Plaintiff was ordered to show cause through counsel "why its claims should not be dismissed with prejudice in light of its failure to abide by this Court's Orders and obtain counsel and prosecute this matter." (*Id*. at 2). Specifically, Plaintiff was "directed to submit a written statement outlining its position with respect to why its claims should not be dismissed with prejudice by **December 30, 2015**." (*Id*.) Plaintiff was further informed that "through counsel[,]" it "must also appear **in person** on **January 15, 2016** at **12:30 P.M.** in Courtroom 6E of the Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 to show cause why its claims should not be dismissed with prejudice." (*Id*.) Finally, "[a]s previously cautioned," Plaintiff was again "reminded that **any failure to comply with this Order may and likely will result in the dismissal of its claims with prejudice.**" (*Id*.)

Despite the entry of the OTSC and the warnings contained in same, Plaintiff neither submitted the required position statement, nor appeared in Court on January 15, 2016.

### **Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id*.  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice.  For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:**  Here, Plaintiff's failure to comply with this Court's orders falls squarely on itself.  The Court sent copies of all of its orders requiring action on the part of Plaintiff directly to Plaintiff and indicated in same that it was Plaintiff's responsibility to comply.  There is no one but Plaintiff to blame for its multiple failures to do what was ordered of it.  As such, the Court finds this factor to favor dismissal with prejudice.

2. **Prejudice to Defendant:**  Plaintiff's failure to comply with the Court's orders has caused manifest injustice to Defendant Huard ("Huard").  Plaintiff initiated this action, but has refused to prosecute same.  This case has remained stagnant for approximately 6 months because of Plaintiff's failure to comply with this Court's orders.  Under these circumstances, Huard cannot fairly defend this matter.  Plaintiff's failure to do that which was required of it supports dismissal of this matter with prejudice.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiff has a history of dilatoriness.  On multiple occasions, Plaintiff has failed to comply, timely or otherwise, with this Court's orders.  Most recently, it failed to respond to the OTSC entered by the Court, which both required Plaintiff to submit a position statement and to appear in Court.  No position statement was submitted and no appearance was made.  Plaintiff's inaction supports the dismissal of its claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiff proceeded in bad faith.  The Court does, however, find that Plaintiff's conduct has been willful.  The record of Plaintiff failing to comply with the Court's orders,

5

including the OTSC, supports a finding of willfulness. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Despite being faced with an OTSC that explicitly threatened the dismissal of its case with prejudice, Plaintiff did not submit the required position statement or appear in court as ordered. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, it has failed to take the steps necessary to move this case toward trial. Plaintiff has failed to comply with this Court's orders, including the OTSC, which threatened the possible dismissal of its action with prejudice and required the submission of a position paper outlining why this case should not be so dismissed. Plaintiff's actions in this regard demonstrate a pattern of non-compliance with its obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter which it initiated against Huard and an utter disregard for this Court. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 21st day of January, 2016,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that within 30 days of this Report and Recommendation being acted upon by the District Court, Huard shall advise whether he will dismiss his Third Party Complaint; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff at the following addresses:

> ResumeBear Holdings, Corp.
> Attn: Peter Russo, President
> 3900 Paradise Road, Suite 170
> Las Vegas, NV 89169
>
> ResumeBear Holdings, Corp.
> Attn: Peter Russo, President
> 1675 Whitehorse-Mercerville Road, Suite 107
> Hamilton Township, NJ 08619

> s/Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**